```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

ANTOINE ROBINSON

        Plaintiff,

v.                               Case No: 2:13-cv-854-FtM-29DNF

MICHAEL CREWS, Secretary of
The Florida Department of
Corrections, R. HEMPHILL,
Doctor, and L. SEVERSON,
Medical Department,

        Defendants.
_____
```

### ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff Antoine Robinson, a Florida prisoner, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 United States Code, Section 1983, and attached inmate grievances as exhibits (Doc. #1-1) thereto. Plaintiff seeks leave to proceed *in forma pauperis*. See Doc. #2, #7. Based on the reasons that follow, the Court denies Plaintiff's motion for leave to proceed as a pauper because this action is subject to dismissal pursuant to § 1915.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious,

or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section

1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[2] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2]Plaintiff seeks leave to proceed in forma pauperis in this action. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff names the following Defendants: Micheal Crews, who he identifies as the Secretary of the Department of Corrections; Doctor R. Hemphill; and L. Severson. Complaint at 1. According to the Complaint, Plaintiff had boils and was prescribed "bactrine." Id. at 5. On September 4, 2013, Plaintiff states that he declared a medical emergency due to the allergic reaction he was having to the medication. Id. Plaintiff states that he experienced "painful burns around [his] mouth" from the bactrine. Id. The Complaint is devoid of any other factual allegations concerning the treatment for his boils or treatment for his allergic reaction to bactrine. See generally id.; see also Doc. #1-1.

Plaintiff states that as a result of his allergic reaction he filed a formal inmate grievance seeking some kind of compensation with the Warden's Office. Id. Plaintiff takes issue with the response to his formal grievance. Id. In response, correctional officials wrote:

> You grieved you should be, [sic] "Compensated" for an allergic reaction to medication. Your medical record indicates you may have had symptoms of an allergy to a medication. This is not something that is related to the quality of your care. Allergy is a hypersensitivity of your autoimmune system. That is not something we would be responsible for.
>
> Based on the foregoing, your Formal Grievance is DENIED. . . . . .

Doc. #1-2 at 1. The response to Plaintiff's formal grievance was signed by "Dr. R. Hemphill and L. Severson." Id. As relief, Plaintiff seeks compensatory damages totaling $50,000 and punitive damages totaling $200,000. Complaint at 6.

**III.**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under the color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities, guaranteed under the Constitution or the laws of the United States.

Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Cmty. Mental Health Servs., Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zimmerman v. Burch, 494 U.S. 113 (1990). In addition, a plaintiff must allege and establish an affirmative casual connection between the defendant's conduct

- 5 -

and the constitutional deprivation. Marsh v. Butler County, 286 F.3d at 1059; Swint v. City of Wadley, 51 F.3d at 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 (11th Cir. 1994).

Here, Plaintiff names State actors as defendants, but the Complaint is devoid of a causal connection between two of the named defendants and the incident giving rise to the Complaint. Specifically, the Complaint contains no causal connection between the Secretary of the Florida Department of Corrections and L. Severson. To the extent Plaintiff wishes to attribute liability to L. Severson based on his response to Plaintiff's formal inmate grievance, the Complaint fails to state a claim. Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013)(unpublished)(affirming district court's *sua sponte* dismissal of individuals who denied inmate grievance because prison grievance procedure does not provide an inmate with a constitutionally protected interest).

The Court liberally construes the Complaint as attempting to allege an Eighth Amendment deliberate indifference to a serious medical condition claim against Defendant Doctor Hemphill. In order to state a claim for a violation under the Eighth Amendment, Plaintiff must show that public officials acted with deliberate indifference to Plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976); Farrow v.

West*,* 320 F.3d 1235 (11th Cir. 2003). Thus, a plaintiff must first show that he had an "objectively serious medical need." Id. (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). Second, a plaintiff must prove that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need. Farrow v. West, 320 F.3d 1235 (11th Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825 (1994). Deliberate indifference is a state of mind more egregious and culpable than mere negligence. Estelle*,* 429 U.S. at 104-106. In fact, even gross negligence does not satisfy the "sufficiently culpable state of mind" standard. Miller v. King*,* 384 F.3d 1248, 1261 (11th Cir. 2004). Thus, "medical treatment violates the Eight Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Faison v. Rosado, 129 F. App'x 490, 491 (11th Cir. 2005) (quoting Harris v. Thigpen*,* 941 F.2d 1495, 1501 (11th Cir. 1991)).

The course of treatment chosen by a medical official is "a classic example of a matter for medical judgment." Estelle*,* 429 U.S. at 107. Thus, no constitutional violation exists where an inmate and prison medical official merely disagree as to the proper course of medical treatment. Id. at 106. Classic examples of matters for medical judgment include whether an x-ray or other form of treatment are indicated. Id. at 107.

An inmate who complains that delay in medical treatment rises to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176 (11th Cir. 1994). Further, the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Id.; Harris v. Coweta County, 21 F.3d 388, 393-394 (11th Cir. 1994).

Here, Plaintiff wishes to attribute liability on Defendant Hemphill based on the allergic reaction Plaintiff experienced to a medication used to treat his boils. The Court finds the Complaint does not allege sufficient facts showing deliberate indifference to a serious medical condition. As set forth above, Plaintiff must demonstrate both an objective and subjective component, that his medical condition (allergy to medication) was sufficiently serious and that a named prison official was aware of the facts suggesting a substantial risk of harm from the course of action taken (prescribing that medication for Plaintiff's boils).

Without deciding whether the allergic reaction Plaintiff experienced constitutes a serious medical condition, the Court finds Plaintiff fails to meet the second component based on the facts alleged in the Complaint and attachments thereto. There are no facts suggesting that Defendant Hemphill was aware that

Plaintiff would experience an allergic reaction to the medicine and nonetheless prescribed it. Instead, it appears this is the first time Plaintiff experienced an allergic reaction to the prescription and no one including Plaintiff knew he would experience an allergic reaction. Thus, the instant case is similar to James v. Federal Bureau of Prisons, 79 F. App'x 417, 418 (10th Cir. 2003)(unpublished). In James, the plaintiff pursued an Eighth Amendment deliberate indifference claim stemming from medical staff's unintentional injunction of a tetanus vaccine, which everyone knew the plaintiff was allergic to, instead of a routine TB test. Id. at 418. Because no one knew the TB test mistakenly contained tetanus, the district court found the Complaint failed to state an Eighth Amendment claim. The appellate court affirmed the district court's decision. The Court found the case distinguishable from other cases where correctional or medical officials knew the inmate was allergic to something and nevertheless intentionally prescribed the medicine to the inmate's detriment. See id. at 419 (noting the fact that medical staff did not know the vaccine contained tetanus "distinguishes this case from Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), where the Seventh Circuit found deliberate indifference where a nurse gave an inmate a shot of penicillin, despite the medical staff being told of the inmate's allergy to penicillin and the inmate's medical record

so indicating.  Thomas was cited as an example of deliberate indifference in Estelle, 429 U.S. at 104 n.10, but it involved the knowing use of a drug the inmate was allergic to and a subsequent failure to treat when a physician was informed of the problem.").  Nor does the Complaint contain any facts concerning the medical treatment rendered after Plaintiff experienced his allergic reaction.  Consequently, the Court finds the Complaint fails to state a claim and dismisses this action pursuant to § 1915, without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Complaint (Doc. #1) is **DISMISSED** for failure to state a claim pursuant to § 1915(e)(2)(b)(ii).

2.  Plaintiff's motion for leave to proceed as a pauper (Doc. #2) is **DENIED.**

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   7th   day of January, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr

Copies: All Parties of Record